IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



KARL E. MOORE, SR.,

    Petitioner,

v.                                        CRIMINAL ACTION NO. 2:02cr217(1)

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM ORDER*

Before the Court is a motion entitled "Writ of Error Coram Nobis" filed by **KARL E. MOORE, SR.** ("Petitioner"). Petitioner seeks resentencing because he alleges that the jury did not decide all of elements of the crime before he was found guilty and sentenced in violation of the United States Constitution and the United State Supreme Court's ruling in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

As is indicated by the case law, "[t]he writ of error coram nobis is an unusual legal animal that courts will use to set aside a criminal judgment of conviction only 'under circumstances compelling such action to achieve justice.' By contrast with a writ of habeas corpus, a writ of error coram nobis is available only to petitioners who have completed their sentences and are no longer in custody." *Hager v. United States*, 993 F.2d 4, 5 (1st Cir. 1993) (citing *United States v. Morgan*, 346 U.S. 502, 511 (1954)) (internal citation omitted). As the Petitioner is clearly in the custody of the United States Bureau of Prisons, a writ of coram nobis is not available to him at this time, *see United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012), and the Court construes this motion as a petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Petitioner's Sentence

("§ 2255 Motion"). Title 28 U.S.C. § 2255 authorizes a person in federal custody to seek to vacate his sentence or conviction if either was improperly attained. Section 2255(h) provides that a "second or successive motion" must be certified by the appropriate court of appeals. Petitioner filed motions to vacate his conviction on October 5, 2007 and October 7, 2011. This Court denied both motions. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed the Court's denials and refused certificates of appealability. The instant motion is the third § 2255 Motion filed by Petitioner. The Court has not received an order from the Fourth Circuit authorizing consideration of Petitioner's successive § 2255 Motion and the record does not show that Petitioner has moved for a certificate of appealability. Because Petitioner has failed to obtain authorization from the Fourth Circuit to file a successive petition, the Court lacks jurisdiction to consider this motion.

However, even if the petition was not a successive motion, Petitioner's motion lacks merit. First, the rule in *Alleyne* is not retroactive and precludes Petitioner from seeking redress under 28 U.S.C. § 2255 because his conviction was final before the Supreme Court's decision. *See e.g., Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (explaining that "[u]nless the Justices ... decide that *Alleyne* applies retroactively on collateral review, we cannot authorize a successive collateral attack"); *Lopez v. United States*, 2013 U.S. Dist. LEXIS 121947, 2* n.2 (E.D. N.Y. 2013) ("*Alleyne* has not been made retroactive by the Supreme Court to cases on collateral review"); *United States v. Condra*, 2013 U.S. Dist. LEXIS 124257, 6* n.4 (W.D. Va. 2013) ("The Supreme Court did not declare the new rule in *Alleyne* retroactively on collateral review, nor is it likely to do so"). Second, *Alleyne* does not provide relief where a sentence was not based on judicial fact-finding of crime elements altering the range of sentences to which a defendant was exposed. *Alleyne*, 133 S.Ct. at 2158. The jury found Defendant committed the relevant offenses

based on sufficient evidence of guilt, and, as the Fourth Circuit affirmed on direct appeal, the jury would have determined that such offenses involved the specific drug amounts charged in the Indictment. *See United States v. Smith*, 441 F.3d 254, 273 (4th Cir. 2006). The instant motion simply attempts to relitigate previously asserted appeal and post-conviction claims that have already been denied by this Court and the Fourth Circuit.

Accordingly, Petitioner's Motion for Writ of Error Coram Nobis (ECF No. 380) is **DISMISSED** without prejudice to his ability to move the Fourth Circuit for leave to file a successive § 2255 petition. Petitioner's Motion for Extension of Time to file a response to the Government's opposition to the Motion for Writ of Error Coram Nobis (ECF No. 384) is **DENIED** as **MOOT**. Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability, which may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's habeas petition on its merits, the petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see also Miller–El v. Cockrell*, 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Petitioner does not satisfy this standard; accordingly, the Court **DENIES** a certificate of appealability. Although Petitioner may not appeal the denial of his § 2255 Motion without a certificate of appealability, he may seek one from the Fourth Circuit.

The Clerk is **DIRECTED** to send a copy of this Order to Petitioner and to the United States Attorney. The Court also **DIRECTS** the Clerk to send Petitioner a copy of the instructions and form packet for "Filing Motion Under 28 U.S.C. § 2244 For Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. §§ 2254 or 2255." The

Court **ADVISES** Petitioner that he may appeal this final order with a certificate of appealability by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, VA 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 5, 2014

/s/
Raymond A. Jackson
United States District Judge