

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KARL E. MOORE, SR.,

    Petitioner,

v.                                        CRIMINAL NO. 2:02-cr-217

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM OPINION & ORDER*

Before the Court is Karl E. Moore's ("Petitioner") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Pet'r's Mot. Compassion. Release, ECF No. 583 ("Pet'r's Mot."). The Government opposed the motion and Petitioner did not reply. Gov't Resp. Opp. to Pet'r's Mot. Compassion. Release, ECF No. 588 ("Resp. Opp."). This matter is now ripe for judicial determination. For the reasons below, Petitioner's motion is **DENIED**.

    **I.    FACTUAL AND PROCEDURAL HISTORY**

On March 6, 2003, Petitioner was named alongside several co-defendants in a fifty-seven count Superseding Indictment. Sup'g Indict., ECF No. 19 ("Indictment"). On July 18th, 2003, a jury returned a special verdict form finding Petitioner guilty of several convictions involving Money Laundering, fourteen Counts of Distribution and Possession with Intent to Distribute Controlled Substances, and Possession of a Firearm by a Convicted Felon. *See* ECF Nos. 74, 515-2. On February 2, 2004, the Court sentenced Petitioner to LIFE imprisonment, followed by 5 years supervised release. ECF No. 107.

On May 10, 2019, Petitioner filed a pro se letter motion requesting relief under the FIRST STEP Act. ECF No. 506. Petitioner, through counsel, filed a memorandum in support of his motion on September 10, 2019. ECF No. 515. On February 19, 2020, this Court granted the

1

motion, reducing the Petitioner's sentence of imprisonment to 400 months. ECF No. 534.

According to his Presentence Investigation Report, Petitioner and others conspired to commit money laundering and distributed controlled substances from 1998 until 2002. Present. Investig. Rep. ¶¶ 15, 151, ECF No. 576 ("PSR"). The PSR attributed the Petitioner with aggravating enhancements as a result of his role as a leader of the conspiracy, possession of a dangerous weapon, and for the use of a minor in the commission of a crime *Id.* at ¶ 150. The PSR attributed Petitioner with a total of 40,429 grams of "crack" cocaine, 780,283.5 grams of cocaine, 88,235.312 grams of heroin, 396,900.33 grams of marijuana, and laundering 78,540. *Id.* at ¶ 151.

In the PSR prepared in 2003, Petitioner noted previous problems with his gall bladder. *Id.* at ¶193. He reported no mental health issues. *Id.* at ¶194. Further, Petitioner reported a history of drug addiction and abuse with "crack" cocaine and heroin. *Id.* at ¶195.

The PSR prepared in 2003 assessed Petitioner with a total offense level of 48, a criminal history category of III, and a recommended Guidelines provision of Life imprisonment. *Id.* at 86. On February 19, 2020, the Court reduced Petitioner's sentence of imprisonment to 400 months under Section 404 of the FIRST STEP Act. ECF No. 534. Petitioner is currently incarcerated at Beaumont USP with a projected release date of June 4, 2032.[1] As of the date of this opinion, Petitioner will be released in approximately one hundred and sixteen (116) months and has served approximately two-thirds of his sentence. *Id.*

On September 31, 2020, Petitioner submitted a Request for Reduction in Sentence to the Warden. Pet'r's Mot. Exh. 4. On October 9, 2020, the Warden denied Petitioner's request. *Id.* at Exh. 4. Accordingly, on May 2, 2022, Petitioner filed a letter requesting counsel in order to file a compassionate release motion. ECF No. 574. On July 15, 2022, Petitioner filed the motion through

---

[1] *See also* Federal Bureau of Prisons, "Find An Inmate," *BOP.gov*, https://www.bop.gov/inmateloc/ (last visited Sept. 26, 2022) (listing Petitioner's release date as June 4, 2032).

2

counsel. Pet'r Mot. On July 29, 2022, the Government responded in opposition. Resp. Opp. Petitioner failed to reply. At age 60, Petitioner alleges that his Type II diabetes and old age make him especially susceptible to COVID-19. Pet'r's Mot. 2. Further, he alleges that the sentencing factors under 18 U.S.C. § 3553(a) support compassionate release. *Id.* at 4. Together, Petitioner alleges these circumstances constitute extraordinary and compelling reasons that warrant his release. *Id.* Accordingly, Petitioner requests that the Court grant him compassionate release. *Id.*

## II. LEGAL STANDARD

### A. The Threshold Requirement Standard

A petitioner may bring a motion to modify their sentence after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the Bureau of Prisons ("BOP") bring a motion on their behalf: (1) exhaust their administrative remedies; or (2) wait 30 days from the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) ("§ 3582(c)(1)(A) outlines two routes – one of which does not require exhaustion of administrative remedies."). In other words, a petitioner may satisfy the threshold requirement if they "request[] the Bureau of Prisons to bring a motion on their behalf and *either* fully exhaust[] all administrative rights to appeal the Bureau's decision *or* wait[] 30 days from the date of their initial request to file a motion in the district court." *Id.* (emphasis in original). Thus, a petitioner who made a request to the BOP at least 30 days prior may seek compassionate release with the district court whether the BOP has ruled on the request or not. *Id.* (holding petitioner satisfied the threshold requirement by filing his compassionate release motion 149 days after submitting a

3

request to the warden, which the warden denied) (citing *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021); *United States v. Harris*, 973 F.3d 170, 171 (3rd Cir. 2020); and *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020)). Moreover, the threshold requirement is a non-jurisdictional claim-processing rule, and thus may be waived or forfeited if not timely raised. *Id.* at 129-30 (collecting cases from sister circuits holding the same).

### B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment by motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. § 1B1.13, Application Note 1. Before the FIRST STEP Act was passed, the Sentencing Commission provided that a sentence may be modified because of the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. § 1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

U.S.S.G. § 1B1.13 is now outdated, however, following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the BOP. As such, U.S.S.G. § 1B1.13 is merely advisory and does not bind the Court's application of §

3582(c)(1)(A). *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020); *see also United States v. Lisi*, 440 F. Supp. 3d 246, 250 (S.D.N.Y. 2020), *reconsideration denied*, No. 15 CR. 457 (KPF), 2020 WL 1331955 (S.D.N.Y. Mar. 23, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release . . . [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts . . . ."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive."). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. § 1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

### III. DISCUSSION

#### A. The Threshold Requirement

The Court finds that Petitioner satisfied the threshold requirement. The Government does not contest such. *See* Resp. Opp. On September 31, 2020, Petitioner submitted a Request for Reduction in Sentence to the Warden. Pet'r's Mot. Exh. 4. On October 9, 2020, the Warden denied Petitioner's request. *Id.* Accordingly, on July 15, 2022, Petitioner filed the motion through counsel. Pet'r Mot. Thus, more than 30 days passed since Petitioner filed his request.

#### B. Petitioner's Compassionate Release Request

The Court now turns to whether Petitioner has set forth extraordinary and compelling reasons to modify his sentence because of the grave risk COVID-19 poses to individuals with underlying health conditions. During the COVID-19 pandemic, federal courts around the country have found that compassionate release is justified under the circumstances. *Zukerman*, 2020 WL

1659880, at *4 *citing Perez*, 2020 WL 1546422, at *4; *United States v. Colvin*, 2020 WL 1613943, *4 (D. Conn. Apr. 2, 2020); *United States v. Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020); *United States v. Jepsen*, No. 3:19-CV-00073 (VLB), 2020 WL 1640232, at *5 (D. Conn. Apr. 1, 2020); *Gonzalez*, 2020 WL 1536155, at *3; *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *2 (S.D. Tex. Mar. 30, 2020); *United States v. Campagna*, No. 16 CR. 78-01 (LGS), 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020). Unlike the above cases, Petitioner's compassionate release is not justified under the circumstances.

First, Petitioner does not show a potential susceptibility to serious health risks from COVID-19. At 60-years old, Petitioner argues that his Type II diabetes places him at increased risk of serious illness should he contract COVID-19. Pet'r's Mot. 1. According to his medical records, Petitioner's diabetes is under control, and he is not insulin dependent. Sealed Bureau of Prisons Med. Rs. 4, 20, ECF No. 585 ("Med. Rs."). In addition to preventative measures against COVID-19, the CDC also recommends that individuals with underlying medical conditions follow their treatment plans to keep their medical conditions under control and thereby lower their already-increased risk of infection.[2] Petitioner's diabetes is stable. Med. Rs. Petitioner's medical records reflect that he receives the medication and other treatment required for his conditions as needed. *Id.* Petitioner additionally argues that his age puts him at risk for contracting COVID-19. The CDC has recognized that the "[r]isk for severe illness with COVID-19 increases with age, with older adults [being] at highest risk."[3] However, simply being 60 with non-insulin dependent, stable Type II diabetes is not a extraordinary and compelling reason for release.

---

[2] *See* Centers for Disease Control and Prevention, "COVID-19: People with Certain Medical Conditions," *CDC.gov*, (last updated Sept. 2, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[3] *See* Centers for Disease Control and Prevention, "COVID-19 Risks and Vaccine Information for Older Adults", *CDC.gov* (last reviewed Aug. 4, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html. (last visited Sept. 26, 2022)

Moreover, it appears that Petitioner was offered a COVID-19 vaccine but refused it. Pet'r's Mot. Exh. 1. At this juncture, the BOP has administered 329,902 vaccine doses to incarcerated people and staff,[4] but Petitioner proffers no viable justification for his refusal. The Court cannot conclude that Petitioner's own failure to protect himself from the virus warrants an extraordinary and compelling reason for release. The CDC advises that "COVID-19 vaccination provides strong protection against severe disease, hospitalization, and death in all age groups."[5]

Second, however, Petitioner does show a potential risk of contracting the disease at his prison facility. That is, even if Petitioner were vaccinated, there would still exist a possibility that he *could* contract COVID-19. As of September 2022, the BOP has reported a total of 256 recovered positive cases of COVID-19 for incarcerated people (1 current, 0 death) and 101 recovered cases (0 current) for staff at Beaumont USP.[6] Despite the BOP's protection measures, individuals housed in prisons remain particularly vulnerable to infection. *See Muniz*, 2020 WL 1540325, at *1; *see also Esparza*, 2020 WL 1696084, at *1 (noting that "[e]ven in the best run prisons, officials might find it difficult if not impossible to follow the CDC's guidelines for preventing the spread of the virus among inmates and staff: practicing fastidious hygiene and keeping a distance of at least six feet from others").

Third, overall, the § 3553(a) factors do not weigh in favor of Petitioner's compassionate release. The seriousness of Petitioner's conduct for his underlying offense remains unchanged. According to the PSR, Petitioner and others conspired to commit money laundering and distributed controlled substances from 1998 until 2002. PSR. ¶¶ 15, 151, ECF No. 576. The PSR attributed

---

[4] *See* Federal Bureau of Prisons, "COVID-19 Corona Virus," *BOP.gov*, https://www.bop.gov/coronavirus/ (last visited Sept. 26, 2022).
[5] Centers for Disease Control and Prevention, "COVID-19 Vaccine Effectiveness Monthly Update," *CDC.gov*, (last updated July 31, 2022), https://covid.cdc.gov/covid-data-tracker/#vaccine-effectiveness.
[6] *See* Federal Bureau of Prisons, "COVID-19 Corona Virus," *BOP.gov*, https://www.bop.gov/coronavirus/ (last visited Sept. 26, 2022).

the Petitioner with aggravating enhancements considering his role as a leader of the conspiracy, possession of a dangerous weapon, and for the use of a minor in the commission of a crime *Id.* at ¶ 150. The PSR attributed Petitioner with a total of 40,429 grams of "crack" cocaine, 780,283.5 grams of cocaine, 88,235.312 grams of heroin, 396,900.33 grams of marijuana, and laundering $78,540. *Id.* at ¶ 151. Prior to the instant offense, Petitioner also received multiple assault, theft, and property related convictions, including but not limited to breaking and entering, larceny, burglary, trespass, assault and battery, and receiving stolen property. *Id.* ¶¶ 173-183. Further, while incarcerated Petitioner has been subject to twelve disciplinary sanctions as recently as December 2019. Pet'r's Mot. Exh. 3. This trend cuts against Petitioner's argument that he is less likely to recidivate. Pet'r's Mot. 17.

Further while Petitioner might be better able to protect himself against COVID-19 outside of prison, his release plan does not adequately protect the public from the potential of a subsequent offense. If released, Petitioner plans to live with his brother in Norfolk, VA. Pet'r's Mot. 18. With this plan, Petitioner does not explain or elaborate on how his release would provide a viable alternative to serving the remainder of his sentence.

Overall, the Court finds that the § 3553(a) factors do not weigh in Petitioner's favor and his release would not promote the respect for law or provide adequate deterrence. Critically, Petitioner did not show extraordinary or compelling reasons for release as a result of COVID-19. Therefore, Petitioner does not qualify for compassionate release.

## IV. CONCLUSION

For the foregoing reasons, Petitioner has not shown an extraordinary and compelling reason to grant compassionate release. Thus, Petitioner's Motion for Compassionate Release, ECF No. 582, is **DENIED.**

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED**.

Norfolk, Virginia
October 4, 2022

Raymond A. Jackson
United States District Judge